## 18515

Blanche I. ABLE, As Executrix of the Last Will and Testament of Lawrence M. Able, Appellant, v. The TRAVELERS INSURANCE COMPANY, Respondent.

(149 S. E. (2d) 262)

*Furman R. Gressette, Esq.,* of St. Matthews, *for Appellant,*

102

Messrs. *J. Edwin Belser, Jr.,* of Columbia, *W. R. Symmes,* of St. Matthews, and *Horger & Horger,* of Orangeburg, *for Respondent,*

*Furman R. Gressette, Esq.,* of St. Matthews, *for Appellant, in Reply,*

June 6, 1966.

LIONEL K. LEGGE, Acting Justice.

Respondent's policy insured Lawrence M. Able against "loss resulting directly and independently of all other causes from accidental bodily injuries" sustained during the term of the policy. It excluded "any loss caused or contributed to. by disease." The insured died on December 9, 1963, and this action was brought by the executrix of his will for the death benefit, $5,000.00, under said policy. Respondent pleaded that the insured's death had resulted from cerebral hemorrhage due to hypertensive vascular disease and probably violent physical exertion, and was therefore not within the coverage.

Upon the trial, the defendant's motions for nonsuit and direction of verdict were denied, and the case was submitted to the jury, whose verdict was for the defendant. Plaintiff's motion for new trial was denied, and this appeal followed.

By her exceptions, appellant charges:

1. That the trial judge erred in denying her motion for a new trial:

(a) Because the evidence was susceptible of no reasonable inference other than that the insured's death was the result of an accident as defined in the insurance contract; and

(b) Because the verdict was contrary to the preponderance of the evidence.

2. That the trial judge erred in refusing to permit her witness, Dr. Raysor, to answer certain questions.

3. That there was error in the charge to the jury.

The insured was sixty-two years of age at the time of his death, and was employed by the Town of St. Matthews as a policeman, his hours of duty being from 11:00 p. m. to 7:00 a. m. About 2:00 a. m. on December 8, 1963, while on patrol in his police car, he attempted to arrest a colored

man for a traffic violation. The evidence for the plaintiff was conflicting as to whether the man resisted arrest; but it is undisputed that immediately after the arrest or attempted arrest he ran and the insured pursued him on foot; that after pursuing for some distance the insured fell on the rough, unpaved roadway, sustaining abrasions on both hands, and the man whom he had been pursuing got away. Shortly thereafter the insured returned home and aroused his wife, appellant here. She testified that he was in a highly nervous state; that his right hand was bleeding; that he "just wanted to talk" and she was unable to calm him; that she finally got him into the car and drove to the office of Dr. Raysor, whom she had called; that after examining him Dr. Raysor accompanied them back to their home and assisted her in putting the insured to bed; that in a few minutes the insured appeared to have a convulsion, and became speechless; that they then called an ambulance and had him taken to the hospital in Orangeburg, where he died on the following morning.

. Dr. Raysor, the Ables' family physician, a witness for the plaintiff, testified that Mr. Able had high blood-pressure, hypertension, for which the witness had been treating him from two to four times each year during the last three or four years of his life; that on the occasion of his last examination for this condition, November 21, 1963, Mr. Able's blood pressure was 185 over 95; that the cause of his death was a cerebral hemorrhage, hypertension being a contributing cause; that the exertion and excitement attending the arrest (of which Mr. Able had told him at his office) were also contributory factors; and that the injury to his hands were "fairly moderate" abrasions and contusions and could not of themselves have caused the cerebral hemorrhage.

Further review of the evidence seems unnecessary. The exceptions charging error in denial of plaintiff's motion for new trial are premised upon lack of evidentiary support of the defense of noncoverage. Such contention should have been first made by motion to direct a

verdict. Circuit Court Rule 76. Aside from that, it is apparent from Dr. Raysor's testimony that the basic cause of the insured's death was his pre-existing condition of hypertension, and that if the "bodily injuries" sustained during the arrest, pursuit and fall could be considered as "accidental" within the meaning of the policy, the death did not result from such injuries "directly and independently of all other causes". In submitting the issue to the jury, the trial judge committed no error of which appellant may properly complain.

One exception charges that the trial judge erred in refusing to permit Dr. Raysor to answer the following question: "If he had not become involved in this overexertion and this injury and the other factors, what is your professional opinion, do you think he would have died when he did?" On direct examination Dr. Raysor had testified at length as to the insured's death and the causes that contributed to it. The issue was not whether the insured's death was hastened by the circumstances immediately preceding it, but whether it resulted "directly and independently of all other causes from accidental bodily injuries." The question here under discussion was not directed to that issue, nor was it properly phrased as a hypothetical question; and in our opinion its exclusion was not prejudicial error.

By another exception, appellant charges that the trial judge erred in refusing to permit Dr. Raysor to answer the following question: "Doctor, do you have an opinion as to whether this accident, with which you are familiar, could have caused the death of Mr. Able?" In our opinion this exception is without merit. The record before us shows that after the trial judge had called counsel's attention to the fact that the question was improperly phrased, counsel rephrased it as follows: "Doctor, let me rephrase that and ask you this question. Based on the facts of this accident as you understand them and the injuries to the decedent, which would be Mr. Able, Doctor, do you have opinion based on reasonable medical certainty as to what

caused the death of Mr. Able?" Thereupon the following colloquy took place:

"Defendant's counsel: Your Honor, we would have to object to that, that question is based on speculation as to what happened at the scene.

"The Court: Mr. Gressette, you would have to ask it in a hypothetical manner, wouldn't you?

"Plaintiff's counsel: Yes, sir, I have already asked him a hypothetical question, if your Honor please, and I am coming on down now and attacking that.

"The Court: No, sir, your question was based on the facts as you understand them.

"Plaintiff's counsel: Yes, sir, that was my question, your Honor.

"The Court: That is the objectionable part of the question. 'As resulted from the facts that I read to you previously.'

"Plaintiff's counsel: All right, sir, we will go back to that then. Based on the facts, Dr. Raysor, which were included in the hypothetical question that I asked you, sir, do you have an opinion based on reasonable medical certainty as to what caused the death of Mr. Able?

"Defendant's Counsel: That is the same question, your Honor.

"The Court: Well, I will overrule the objection.

"Plaintiff's counsel: Go ahead and answer it. Do you understand my question?

"The Court: He has already testified as to what he says caused his death.

"Plaintiff's counsel: Well, I will withdraw that.

"The Court: Didn't you say he died from a ruptured blood vessel in the brain?

"The witness: Yes, sir. Excuse me, just one minute.

"Plaintiff's counsel: I asked you just a little while ago what was the cause—I think he has already answered my question, Judge, and I will turn the witness over to my friends.

"The Court: All right. Cross examine."

At the conclusion of his charge the trial judge, as required by Section 10-1210 of the 1962 Code, asked counsel for the plaintiff if he wished to request any additional instructions or to take any exception to the charge as given, to which counsel replied in the negative. Appellant may not now for the first time challenge the charge; and the exceptions purporting to do so will not be considered. *Richardson v. Register,* 227 S. C. 81, 87 S. E. (2d) 40; *Bagwell v. Transcontinental Gas Pipe Line Corp.,* 246 S. C. 569, 145 S. E. (2d) 17.

Affirmed.

Moss, Acting C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.