0703

Cathy H. GASQUE, Administratrix of the Estate of Jessie G. Hodges, Respondent v. VOYAGER LIFE INSURANCE COMPANY OF SOUTH CAROLINA, a corporation, Appellant.

(344 S. E. (2d) 182)

Court of Appeals

630

*O. Allen Alexander* of *McCutcheon & Baxter,* Conway, *for appellant.*

*Franklin R. DeWitt,* Conway, *for respondent.*

Heard March 27, 1986.

Decided May 12, 1986.

GOOLSBY, Judge:

In this breach of contract action the intestate, Jessie G. Hodges, who died during the pendency of this appeal, seeks to recover damages from the Voyager Life Insurance Company of South Carolina because of Voyager's failure to pay disability benefits allegedly due on a credit life and accident and health insurance policy issued in conjunction with Hodges's purchase of an automobile. From a jury verdict in Hodges's favor, Voyager appeals. We affirm as modified.

1. Voyager questions the admission of the insurance application and contract of sale to prove the terms of the contract sued upon. It claims their admission was error because the original policy constituted the "best evidence" of the terms of the insurance contract and Hodges neither made a written demand on Voyager to produce the original policy nor showed the original policy had been either lost or mislaid.

Although we doubt whether a notice to Voyager to produce the original of the policy in its possession was necessary before the application and sales contract could be received in evidence to prove the terms of the insurance contract, since the writing which Hodges based her case on was in Voyager's possession and the pleadings and the nature of the action manifested that Hodges would base her case upon the policy [*see* 29 Am. Jur. (2d) *Evidence* § 468 at 527 (1967)], we hold the trial court committed no

error in admitting the application and sales contract in evidence for that purpose.

After establishing that Voyager never provided Hodges with the original of the policy, Hodges's counsel made an oral demand for the original at the trial in open court. Although Voyager's counsel did not have the original policy in court, he did have a specimen copy of the policy which Voyager itself later attempted to introduce to prove the policy's terms and which the parties agree, "contained the terms, provisions, conditions and limitations of the policy." *Cf. Worth v. Norton*, 60 S. C. 293, 38 S. E. 605 (1901) (no notice is required where the paper is called for in court).

2. Claiming it was entitled to a nonsuit, directed verdict, and judgment notwithstanding the verdict, Voyager questions the sufficiency of the insurance application and sales contract to prove the material terms of the policy and, therefore, to support a finding of liability under the policy.

We hold, however, the application and contract support a finding, implicit in the jury's verdict, that a policy issued by Voyager on April 21, 1981, provided Hodges credit life and accident and health insurance coverage in the amount of $11,769.60 which amount was to decrease each month thereafter for a period of 48 months at the rate of $245.20 a month. In making this determination, we have viewed the evidence in the light most favorable to Hodges, the party opposing Voyager's motions. *See Hilton Head Island Realty, Inc. v. Skull Creek Club*, 287 S. C. 527, 339 S. E. (2d) 890 (Ct. App. 1986).

3. Further claiming it was entitled to a judgment notwithstanding the verdict or a new trial, Voyager contends the only reasonable inference to be drawn from the evidence is that Hodges at the time of application falsely represented that she had not been treated for any disease of the heart and lungs and that she made the representations with knowledge of their falsity and with the intent that Voyager rely thereon.

False representations alone will not void a policy. *Metropolitan Life Insurance Co. v. Bates*, 213 S. C. 269, 49 S. E. (2d) 201 (1948). An important consideration is the insured's good faith in making the false representations. *Id.* The insurer must "show that the statements

in the application relied on to defeat the policy were untrue, that their falsity was known to the applicant, that they were material to the risk and relied on by the insurer, and that they were made with intent to deceive and defraud the company." *Johnson v. New York Life Insurance Co.*, 165 S. C. 494, 499, 164 S. E. 175, 176 (1932); *see* Code of Laws of South Carolina § 38-35-180 (1976).

Here, Hodges represented to Voyager that to the best of her knowledge and belief during the year preceding the application for insurance, that is, from April 20, 1980, to April 21, 1981, she had not been treated for and had not been advised to have treatment for "any disease of the heart, or any disease of the circulatory system, high blood pressure or cancer or other malignant neoplasm or leukemia or uremia or any disease of the kidney or diabetes or tuberculosis, or emphysema, or any disease of the lungs, or cirrhosis of the liver or alcoholism." At trial, Hodges testified that she had not been treated for any of the diseases listed in the application during the year before issuance of the policy.

Dr. Robert L. Ramseur, however, testified that during the year preceding the application he had treated Hodges for problems associated with her pulmonary, circulatory, and urinary systems and, in fact, on the day prior to Hodges's purchase of the automobile and insurance, had treated Hodges for asthmatic bronchitis. Although Dr. Ramseur testified that he told Hodges of her condition and treatment, he also stated that he did not know whether she understood his diagnosis. Hodges herself testified that Dr. Ramseur never told her that she was being treated for any of the conditions specified in the application.

Since the evidence is conflicting on the issue of whether Hodges knowingly made false statements to Voyager in obtaining the insurance, we hold a question of fact existed for the jury to determine. *See* 46 C. J. S. *Insurance* § 1372b at 613 (1946); *cf. Atlantic Life Insurance Co. v. Beckham*, 240 S. C. 450, 126 S. E. (2d) 342 (1962) (wherein the Supreme Court described itself as "quite liberal" in allowing juries to pass upon questions of alleged fraud in applications for insurance).

4. Voyager complains of the failure of the trial court to admit in evidence a specimen copy of the policy.

The admission or exclusion of evidence is within the sound discretion of the trial judge and his exercise of discretion will not be disturbed on appeal absent a clear showing of abuse of discretion, commission of legal error, and prejudice to the rights of the appellant. *Hall v. Palmetto Enterprises II, Inc. of Clinton*, 282 S. C. 87, 317 S. E. (2d) 140 (Ct. App. 1984).

Even if the exclusion of the specimen copy were error, and we do not hold it was so [*see Globe & Rutgers Fire Insurance Co. v. Foil*, 189 S. C. 91, 200 S. E. 97 (1938)], we discern no prejudice. The insurance application and sales contract sufficiently set forth the material terms of the policy.

Moreover, the main issue concerned whether Hodges had misrepresented her health and not whether she came within the terms of the policy.

5. Voyager further contends the trial court erred in charging the jury that it was to determine the terms and conditions of the policy at issue and Voyager's liability thereunder. The error arose, Voyager argues, because Hodges did not offer the original of the policy in evidence.

We need not determine whether the trial court erred in giving the complained of instruction since Voyager challenges the charge for the first time on appeal. *See Clements v. Metropolitan Life Insurance Co.*, 266 S. C. 488, 224 S. E. (2d) 309 (1976); *Able v. Travelers Insurance Co.*, 248 S. C. 101, 149 S. E. (2d) 262 (1966).

6. Voyager maintains the trial judge committed error in not instructing the jury properly as to the nature of the intent necessary to prove the defense of material misrepresentation. We, however, hold the charge given the jury by the trial judge adequately stated the law applicable to establishing the defense.

The trial judge instructed the jury:

> [I]t is necessary for the ... Insurance Company to show that the statements in the application relied on to defeat the policy were untrue, that their falsity was known to the applicant, and that they were material to the risk and relied on by the insurance company and that they were made with the intent to deceive and defraud the insurance company.

Where a person makes statements by which she is endeavoring to get a policy issued, if she makes those statements as a basis and for the purpose of getting the insurance company to issue the insurance policy and if those statements were false and the company believed them to be true and the company would not have issued the policies if they had known the truth of the matter, then I charge you that the Plaintiff could not recover if the insured made the false statements with the intent to deceive and defraud the insurance company. The intent to defraud and deceive the insurance company must be proven by the company as an element of that defense.

... The insurance company then must show that the insured made a false representation, that it was, in fact, false, and when the insured made the representation, she made it with knowledge of its falsity and that she made it with the intention that the Defendant would issue the policy of insurance and the Defendant issued such policy relying upon the truth of the answers.

*See Strickland v. Prudential Insurance Company of America*, 278 S. C. 82, 292 S. E. (2d) 301 (1982); *United Insurance Company of America v. Stanley*, 277 S. C. 463, 289 S. E. (2d) 407 (1982); Code of Laws of South Carolina § 38-35-180 (1976).

7. Voyager claims the trial court erred in failing to grant its trial and post-trial motions to disallow any verdict in excess of $2,697.20 because the evidence, viewed in the light most favorable to Hodges, established that she was "disabled" only for an eleven-month period beginning in January, 1983, and ending in November, 1983. We agree.

The extent of an insurer's liability for disability benefits under an accident and health insurance policy depends upon how the policy defines the term "disability." *See* 45 C. J. S. *Insurance* § 898 at 977 (1946); *cf.* Code of Laws of South Carolina § 38-35-440 (1976) ("No claim for ... disability, as defined in the policy, shall be reduced or denied ..."). Neither the evidence nor a statute defines the term "disability" as used in the policy at hand. We therefore define the term to mean the inability on the part of the insured either in whole or in substantial part to perform the usual and customary duties of his or her occupation. *Berry*

*v. United Life & Accident Insurance Company*, 120 S. C. 328, 113 S. E. 141 (1922); 45 C. J. S. *Insurance* § 898b at 978 (1946).

Here, the record shows that Hodges, because of illness, did not work between January, 1983, and November, 1983. On returning to work as a burn-end operator at AVX, where she had worked since 1980, Hodges worked as many as 40 hours in one week and at no time thereafter worked less than 20 or 30 hours in a week. We think the record clearly demonstrates that Hodges was able to perform in a substantial manner the usual and customary duties of her occupation. Indeed, nowhere in his brief does Hodges's counsel argue otherwise.

■ Accordingly, we modify the verdict of $7,489.00 by reducing it to $2,697.20. *Cf. Facelli v. Southeast Marketing Company*, 284 S. C. 449, 327 S. E. (2d) 338 (1985) (where in an employment contract action the Supreme Court modified a jury verdict by subtracting therefrom an amount improperly computed as the plaintiff's sales commission); *Black v. Jefferson Standard Life Insurance Co.*, 171 S. C. 123, 171 S. E. 617 (1933) (where Supreme Court held it could modify judgment instead of reversing and remanding it and limited recovery to period between filing of disability claim and commencement of action, thereby disallowing damages for period between commencement of action and date of trial); *Southeastern Mobile Homes, Inc. v. Walicki*, 282 S. C. 298, 317 S. E. (2d) 773 (Ct. App. 1984) (where Court of Appeals held it could modify judgment if the damages improperly allowed can be segregated).

8. Voyager contends the trial court committed error in permitting Hodges, after the jury was selected and sworn, to amend her complaint to plead a cause of action for bad faith refusal to pay first party benefits.

■ We agree that amendments allowed at trial pursuant to Section 15-13-920 of the South Carolina Code of Laws (1976) cannot substantially change the nature of the cause of action of defense so as to result in prejudice to the adverse party. *Grist v. Caldwell*, 123 S. C. 240, 116 S. E. 448 (1923).

■ In this instance, however, the adverse party, Voyager, suffered no prejudice by the addition of the new cause of action because the trial court at the end of

Hodges's case granted its motion for nonsuit regarding the newly-added claim. Any error committed by the trial court in allowing the amendment was harmless and therefore provides no basis for reversal. 5A C. J. S. *Appeal & Error* § 1688b at 787-88 (1958).

9. We have considered Voyager's remaining arguments that the jury's verdict was the result of passion, prejudice, and caprice and exceeded the amount requested in the pleadings and that the trial judge erred in admitting evidence of collateral financial matters. We hold these arguments are manifestly without merit and do not warrant further consideration.

Affirmed as modified.

SHAW and CURETON, JJ., concur.