22573

Rossie N. REID and Paul W. Reid, Respondents v. HARBISON DEVELOP-MENT CORPORATION, and Sam D. Coogler, Builder, Inc., Defendants, of whom Sam D. Coogler, Builder, Inc., is No Longer A Party. PETITION OF HARBISON DEVELOPMENT CORPORATION.

(345 S. E. (2d) 492)

Supreme Court

*Robert F. Fuller,* of *Rogers, McDonald, McKenzie, Fuller & Rubin,* Columbia, *for petitioner.*

*James C. Chandler, Jr.,* Columbia, *for plaintiffs-respondents.*

Heard Feb. 12, 1986.

Decided June 16, 1986.

FINNEY, Justice:

The plaintiffs-respondents, Rossie N. Reid and Paul W. Reid, brought this action against the defendants-respondents, Harbison Development Corporation (now Petitioner) and Sam D. Coogler, Builder, Inc., alleging fraud and deceit growing out of a contract whereby the Reids were to

buy realty. Sam D. Coogler, Builder, Inc., is in bankruptcy and is no longer a party to this proceeding.

At trial, the jury found in favor of the Reids actual damages in the amount of twenty thousand ($20,000.00) dollars, plus punitive damages in the amount of twenty. thousand ($20,000.00) dollars. Harbison motioned for a new trial on the grounds that the jury was influenced by caprice and prejudice, and in the alternative, for a new trial *nisi* "... to reduce the amount of the actual damages award to at least the amount which the plaintiffs themselves testified was their damage under the evidence, which ought to be in the range of $4,000 to $5,000 dollars as indicated by plaintiffs' own testimony." The trial judge overruled both motions stating: "Where it may be high, it may be more than would reasonably be expected, I think it is within the range that a jury could return in this case, and that it is not. such that the Court can set aside."

Harbison appealed the order of the trial court. The Court of Appeals, in its opinion filed May 6, 1985,[1] set aside the twenty thousand ($20,000) dollar actual damages verdict ruling that there was no evidence to substantiate more than five thousand ($5,000.00) dollars actual damages. The twenty thousand ($20,000.00) dollar punitive damages verdict was sustained. The Court of Appeals remanded the case to the trial court for the purpose of determining the appropriate amount of actual damages.

This Court granted Harbison's Petition for Writ of Certiorari, and the case has been rebriefed. on the following issues.

I. Are the issues of liability for fraud and of damages for fraud, actual and punitive, inextricably interwined so as to require consideration by a single trier of fact to effect fairness of verdict?

II. Are actual and punitive damages in a fraud case sufficiently separate or distinct issues as to enable a new trial or ascertain proper actual damages without disturbing an award of punitive damages arising out of the same trial and evidence?

---

[1] *Reid v. Harbison Development Corporation*, 285 S. C. 557, 330 S. E. (2d) 532 (S. C. App. 1985).

Prior to our opinion in the case of *Industrial Welding Supplies v. Atlas Vending Co.*, 276 S. C. 196, 277 S. E. (2d) 885 (1981), it was the law of this state that if a new trial was granted on any ground, the case would be retried in its entirety. In *Industrial*, the Court adopted the more modern view that where there are separate jury issues and a new trial is required on issues which are distinct from all other issues, the scope of the new trial may be limited to less than all issues originally submitted.

We agree with the Court of Appeals that the trial court erred in allowing the twenty thousand ($20,000.00) dollar actual damages verdict to stand. The verdict was excessive because the evidence indicated actual damages in the maximum amount of five thousand ($5,000.00) dollars. We do not agree that the case should be remanded for a new trial solely on the issue of actual damages.

Generally, actual damages should not be separated from punitive damages for a retrial on actuals alone. Punitive damages may only be awarded if actuals are recovered, *Carroway v. Johnson*, 245 S. C. 200, 139 S. E. (2d) 908 (1965); *Allen v. Southern Rwy. Co.*, 218 S. C. 291, 62 S. E. (2d) 507 (1950); 25 C.J.S. *Damages* Section 118; and therefore, retrial only on actual damages may be improper since punitive damages may change depending on the actual damage award. In the interest of justice and fairness to all parties, both actual and punitive damages should be reconsidered together on retrial.

The excessiveness of the verdict may be corrected by one of two ways: 1) The Reids may be required to remit the excess as an alternative to a new trial; or 2) a new trial on the issues of actual and punitive damages. See 58 Am. Jur. (2d) *New Trial* Section 221, in which we find the following:

Indeed, it has been held that in the absence of passion or prejudice, no logical basis exists for granting a new trial unconditionally on the ground of excessiveness of the verdict; the prevailing party should be given the option of accepting a smaller amount or submitting to a new trial. The appellate court, in like manner, may affirm the judgement on the condition that the plaintiff

remit a part of the amount for which it has been rendered, making the remittitur of such part an alternative to the granting of a new trial.

The case is hereby remanded to the Court of Common Pleas for Richland County for the purpose of having a judge thereof issue an order directing a new trial on actual and punitive damages unless the Reids agree in writing to remit fifteen thousand ($15,000.00) dollars of the actual damages verdict within fifteen (15) days after notice of the order. Should the Reids remit, final judgment shall be entered in favor of the Reids in the amount of five thousand ($5,000.00) dollars actual damages plus twenty thousand ($20,000.00) dollars punitive damages. If the Reids fail to remit within fifteen (15) days, a new trial shall be ordered on both actual and punitive damages.

Affirmed in part and remanded.

HARWELL, and CHANDLER, JJ., concur.

NESS, C. J., not participating.

GREGORY, J., and LITTLEJOHN, Acting Associate Justice, concurring in part and dissenting in part in separate opinions.

GREGORY, Justice (concurring in part, dissenting in part):

I concur with the majority opinion in holding a new trial must be granted on both actual and punitive damages. However, I dissent insofar as the majority opinion gives the Reids the option of remitting $15,000.00 of actual damages in lieu of a retrial.

The jury awarded respondents $20,000.00 in actual damages although there was no evidence to support an award of more than $5,000.00. This grossly excessive award clearly influenced the $20,000.00 punitive damage award. I would hold, under the facts of this case, that both awards were obviously the product of passion, caprice or prejudice. *See Rogers v. Florence Printing Co.*, 233 S. C. 567, 106 S. E. (2d) 258 (1958).

Accordingly, I would reverse and remand for a new trial absolute.

LITTLEJOHN, Acting Associate Justice (concurring in part, dissenting in part):

I am in partial disagreement with the majority opinion. That disagreement grows out of the fact that I do not think that the issues of liability for fraud and of damages for fraud, actual and punitive, are so inextricably intertwined as to require consideration by a single trier of fact in order to bring about a fair verdict.

Litigation is expensive, not only to the litigants but to the taxpayers as well. The modern tendency in the interest of judicial economy is to avoid new trials where verdicts are in debate if the will of the jury can be ascertained and given effect. In 76 Am. Jur. (2d) *Trial* § 1208, we find:

> A verdict in a civil case which is defective or erroneous as to a mere matter of form not affecting the merits or rights of the parties may be amended by the court to conform it to the issues and to give effect to what the jury unmistakably found. In fact, it is the duty of the judge to look after its form and substance, so as to prevent a doubtful or insufficient finding from passing into the records of the court, and every reasonable construction should be adopted for the purpose of working the verdict into form so as to make it serve. Thus, *when the intent of the jury is apparent, their verdict will be sufficient to sustain a judgment entered in conformity with the intent of the verdict.* (Emphasis added.)

I would let the punitive damages stand and remand the case to the trial court as ordered by the Court of Appeals, and give to the Reids the alternative of going to trial as to only actual damages unless they elect to remit the excess of actual damages in the amount of $15,000. This represents the maximum effect of the error. It could be corrected at the option of the Reids without the necessity of a new trial.