589 S.E.2d 772

Mary M. SLACK and Stephen H. Slack, Respondents,

v.

Lonnie JAMES and Shannon James, Appellants.

No. 3686.

Court of Appeals of South Carolina.

Heard Sept. 9, 2003.
Decided Oct. 27, 2003.
Rehearing Denied Dec. 18, 2003.

480

Stanley Clarence Rodgers, of Charleston, for Appellants.

Richard S. Rosen, and Daniel F. Blanchard, III, both of Charleston, for Respondents.

GOOLSBY, J.

Mary and Stephen Slack ("Sellers") filed a complaint against Lonnie and Shannon James ("Buyers") concerning a real estate contract. Buyers appeal from the circuit court's order dismissing and striking their counterclaims. We reverse and remand.

## FACTS

When we view the facts as alleged in the pleadings in the light most favorable to the Buyers, the pleadings show Sellers and Buyers, each represented by real estate agents, entered into a written contract for the sale of Sellers' home for $1,208,000.00. The sales contract includes the following provisions, which we quote only in part:

**14. ENCUMBRANCES AND RESTRICTIONS.** Buyer agrees to accept property subject to: ... restrictive covenants and easements of record, provided they do not materially affect [the] present use of said property.

**21. ENTIRE AGREEMENT.** This written instrument expresses the entire agreement, and all promises, covenants, and warranties between the Buyer and Seller.... Both Buyer and Seller hereby acknowledge that they have not received or relied upon any statements or representations by either Broker or their agents which are not expressly stipulated herein.

After entering into the contract, Buyers hired an attorney to handle the closing. In conducting a title examination of the property, the title examiner informed Buyers' attorney that there was a permanent four-inch sewer easement across the property. The sewer line easement materially affects the present use of the property. At this point, Buyers refused to purchase the property. Prior to entering into the written contract, Buyers had asked Sellers' real estate agent "whether there were any easements on the property" and the agent indicated none existed.

Sellers filed a complaint against Buyers alleging breach of contract and seeking (1) specific performance, (2) actual damages, and (3) forfeiture of earnest money deposit and/or liquidated damages. Buyers filed an answer asserting a general denial and a counterclaim for breach of contract. Sellers then filed an amended complaint alleging the same cause of action and seeking the same relief as the original complaint. Buyers filed an answer and asserted the following counterclaims: (1) breach of contract, (2) fraud, (3) negligent misrepresentation, and (4) violation of the South Carolina Unfair Trade Practices Act (UTPA).[1]

Sellers filed a motion to dismiss or to strike Buyers' counterclaims pursuant to Rules 12(b)(6) and 12(f), SCRCP.

Based on the parol evidence rule and the merger doctrine, the circuit court partially struck from Buyers' breach of contract counterclaim four allegations of oral statements made prior to the parties' contract that are also realleged by refer-

---

1. S.C.Code Ann. §§ 39–5–10 to –560 (Supp.2002).

ence in the fraud and negligent misrepresentation causes of action. The court then dismissed Buyers' fraud, negligent misrepresentation, and UTPA counterclaims, finding Buyers failed to exercise reasonable care to protect their interests and had no right to rely on the alleged misrepresentation by Sellers' agent. The circuit court denied Buyers' subsequent motion to alter or amend, pursuant to Rule 59(e), SCRCP.

## STANDARD OF REVIEW

In deciding whether the circuit court properly granted the motion to dismiss under Rule 12(b)(6), SCRCP, this court must consider whether the complaint, when viewed in the light most favorable to the plaintiff, states any valid claim for relief.[2] A motion to dismiss "should not be granted if 'facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case.' "[3] The circuit court's ruling on a motion to strike will not be reversed absent an abuse of discretion.[4]

## LAW/ANALYSIS

Buyers argue the circuit court erred in dismissing their counterclaims for fraud and negligent misrepresentation. Specifically, Buyers argue the court erred in finding they acted unreasonably in relying upon an oral representation whose falsity could have been ascertained by a title examination of the property.

The recipient of a fraudulent misrepresentation of fact is justified in relying on its truth, although he might have discovered its falsity through investigation.[5] "The person committing the fraud cannot defeat a claim for misrepresenta-

---

**2.** *Gentry v. Yonce*, 337 S.C. 1, 5, 522 S.E.2d 137, 139 (1999) (quoting *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995)).

**3.** *Id.*

**4.** *Steinke v. South Carolina Dep't of Labor, Licensing & Regulation*, 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999).

**5.** *Reid v. Harbison Dev. Corp.*, 285 S.C. 557, 560, 330 S.E.2d 532, 534 (Ct.App.1985), *aff'd in part*, 289 S.C. 319, 345 S.E.2d 492 (1986) (citing *Restatement (Second) of Torts* § 540 (1979)).

tion simply because the person defrauded is charged with notice under a recording statute, particularly where the misrepresented facts are peculiarly within the representors knowledge."[6] The purpose of the recording act is to protect one who buys a recorded title against one who acquires a paper title but fails to record it. The recording act is not intended to protect a seller who makes a false or misleading statement.[7]

■ We think this case falls squarely within our holding in *Reid v. Harbison Development Corporation.*[8] Once Sellers' real estate agent made a statement about the lack of an easement on the property, Buyers were justified in relying upon the truth of the statement.[9] While Buyers could have ascertained the existence of the easement through investigation of public records, they were not required to investigate the public record to assert a tort claim for fraud or negligent misrepresentation later on.[10] The question of whether Buyers could reasonably rely on the statement at issue in view of the information entered upon the public record is for a jury, not the court, to determine.

The circuit court erred, therefore, when it found Buyers acted unreasonably as a matter of law in relying upon the misrepresentation.

■ Regarding the merger and disclaimer provisions in the contract, they likewise afford no protection to Sellers to the counterclaims asserted against them for fraud and negligent misrepresentation.[11]

---

6. *Id.* at 561, 330 S.E.2d at 534.

7. *Restatement (Second) of Torts* § 540, cmt. b (1977).

8. *Reid v. Harbison Dev. Corp.*, 285 S.C. 557, 330 S.E.2d 532 (Ct.App. 1985), *aff'd in part*, 289 S.C. 319, 345 S.E.2d 492 (1986).

9. *See Harrington v. Mikell*, 321 S.C. 518, 523, 469 S.E.2d 627, 629 (Ct.App.1996) ("Generally, a broker has a duty to avoid fraudulent conduct and misrepresentation.").

10. *See Reid*, 285 S.C. at 561, 330 S.E.2d at 534.

11. *See Allen–Parker Co. v. Lollis*, 257 S.C. 266, 272–73, 185 S.E.2d 739, 742 (1971) ("Even specific provisions or stipulations in a contract

484

## CONCLUSION

Based upon the foregoing, the circuit court's order dismissing Buyers' counterclaims for fraud and negligent misrepresentation and striking allegations of oral statements made prior to the parties' contract so far as they are realleged by reference in these two counterclaims is

## REVERSED AND REMANDED.

HUFF and BEATTY, JJ., concur.

---

providing in effect for immunity from or nullification or waiver of preliminary or extraneous misrepresentations in connection with the contract are generally ineffective, and do not prevent a subsequent assertion of the misrepresentations as a basis for fraud."); *Robert E. Lee & Co. v. Comm'n of Pub. Works*, 248 S.C. 84, 90, 149 S.E.2d 55, 58 (1966) (holding a contractor was entitled to rely upon a representation and an owner's responsibility under it was not overcome by disclaimer clauses); *Aaron v. Hampton Motors, Inc.*, 240 S.C. 26, 30, 124 S.E.2d 585, 586 (1962) (affirming a jury verdict in an action for fraud and deceit based on a rollback of the speedometer mileage despite a provision in the sales contract that stated, "It is further understood and agreed that the seller ... makes no representation or guarantee as to correctness of speedometer mileage shown on car ..." and also upholding the trial court's refusal to grant a directed verdict and judgment notwithstanding the verdict based on the contention that negotiations leading up to the sale of the automobile merged into the written agreement of sale); F. Hubbard and R. Felix, *The South Carolina Law Of Torts* 344 (2d ed. 1997) ("Since fraud is a tort claim challenging the basis of a contractual undertaking, contractual defenses like disclaimers are not a defense to a fraud claim."); 37 Am.Jur.2d *Fraud and Deceit* § 324 (2001) ("[F]raud in the inducement, or fraud in preliminary negotiations, to a written contract is not ordinarily merged in the contract so as to preclude an action for the fraud."); *MacFarlane v. Manly*, 274 S.C. 392, 264 S.E.2d 838 (1980) (holding an "as is" clause in a contract of sale of real estate does not constitute an absolute defense to an action for fraud and deceit).