THIS OPINION HAS 
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN 
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Joseph N. Grate,       
Appellant,
 
 
 

v.

 
 
 
Helen Bone,       
Respondent.
 
 
 

Appeal From Horry County
John  L.  Breeden, Circuit Court Judge

Unpublished Opinion No. 2004-UP-221
Submitted January 29, 2004  Filed March 
 30, 2004

AFFIRMED

 
 
 
Joseph N. Grate, for Appellant.
Arrigo Paul Carotti, of Conway, for Respondent.
 
 
 

PER CURIAM:  Joseph Grate filed a complaint against Helen Bone, a court 
 reporter, concerning a transcript for a hearing.  Grate appeals from the circuit 
 courts order dismissing his complaint. We affirm. 
 [1] 
 
FACTS

Grate sued Bone for failing to deliver a transcript 
 to him, alleging Bone obstructed his access to due process, deprived him of 
 speedy access to justice, obstructed justice, and concealed evidence.  
Bone moved to dismiss the complaint on the grounds 
 that the complaint failed to state facts sufficient to constitute a cause of 
 action in that the complaint failed to allege that Grate paid Bone for the transcript.  
 The court granted Bones motion. 
STANDARD OF REVIEW
In deciding whether the circuit court properly granted the 
 motion to dismiss under Rule 12(b)(6), SCRCP, this court must consider whether 
 the complaint, when viewed in the light most favorable to the plaintiff, states 
 any valid claim for relief. Slack v. James, 356 S.C. 479, 482, 589 S.E.2d 
 772, 773 (Ct. App. 2003).  The circuit court should not grant a motion to dismiss 
 if facts alleged and inferences reasonably deducible therefrom would entitle 
 the plaintiff to any relief on any theory of the case. Gentry v. Yonce, 
 337 S.C. 1, 5, 522 S.E.2d 137, 139 (1999) (quoting Stiles v. Onorato, 
 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995)).  
LAW/ANALYSIS
Grate argues the circuit court erred in granting 
 Bones motion to dismiss.  We disagree. 
Grates complaint simply alleges that Grate requested 
 a transcript from Bone and Bone failed to deliver the transcript to him.  Her 
 failure to provide a transcript when there has been no allegation of payment 
 for the transcript does not entitle Grate to relief on any theory of the case. 
 [2]   Because Grate has failed to state facts sufficient to constitute any 
 legally cognizable cause of action against Bone, the circuit court properly 
 granted Bones motion to dismiss.
AFFIRMED.
GOOLSBY, HOWARD, and KITTREDGE, JJ., concur. 

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2] Where a transcript of the proceeding must be 
 prepared by the court reporter, appellant shall, within the time provided 
 for ordering the transcript, make satisfactory arrangements (including agreement 
 regarding payment for the transcript), in writing with the court reporter 
 for furnishing the transcript. Rule 207 SCACR.