719 S.E.2d 656

Michael B. MOSELEY and Marsha H. Moseley, Respondents,

v.

ALL THINGS POSSIBLE, INC. and James H. Hampton,
of whom All Things Possible, Inc. is, Petitioner.

No. 27074.

Supreme Court of South Carolina.

Heard Oct. 5, 2011.

Decided Dec. 12, 2011.

Robert J. Thomas, of Rogers Townsend and Thomas, of Columbia, for Petitioner.

S. Jahue Moore and William B. Fortino, Moore, Taylor and Thomas, both of West Columbia, for Respondents.

Justice KITTREDGE.

We granted a writ of certiorari to review the court of appeals' decision affirming the trial court judgment against

Petitioner All Things Possible, Inc., for fraud in connection with a real estate transaction case, where the truth was discoverable in the public records. *Moseley v. All Things Possible, Inc.,* 388 S.C. 31, 694 S.E.2d 43 (Ct.App.2010). We affirm.

## I.

Petitioner All Things Possible, Inc., (ATP) sold an undeveloped lot in the Secret Cove subdivision, located in Lexington County, to Respondents Michael and Marsha Moseley. The lot is burdened by an underground, surface-water drainage easement[1] running diagonally across the entire length of the property, essentially cutting the lot in half. ATP, through its agents, was aware of the Moseleys' desire to build a home on the lot. Real estate agent Loretta Whitehead presented to the Moseleys a copy of the plat, supplied by ATP, showing the lot in question.[2] The plat had been altered by removing the lines reflecting the existence and location of the drainage easement. Additionally, a square was drawn on the plat, indicating where a home could be constructed.

According to the Moseleys, they "absolutely" relied upon the falsified plat in purchasing the lot, together with assurances from ATP related to the Moseleys' ability to build on the lot.[3] As noted by the court of appeals, the Moseleys were induced to purchase the lot without obtaining an independent survey of the property. Conversely, the real estate contract contained standard provisions, including the right of the Moseleys to conduct a title examination and procure a survey of the lot.

The easement is not recorded in any deed within the chain of title; however, it is included on the recorded plat of the subdivision. The Moseleys retained an attorney, who in turn

---

1. The parties have stipulated as to the existence of the easement.

2. While there is evidence that ATP supplied the falsified plat with the intent that it be relied on, there is no evidence that Whitehead was personally responsible for its creation.

3. The Moseleys are school administrators. Mr. Moseley's health situation required a home that, because of the easement, the lot could not accommodate. The lot, however, was "buildable."

employed a title abstractor. The existence of the easement was not discovered in the title search.

At the closing James H. Hampton gave the Moseleys his ATP business card, which contained a Bible verse, *Proverbs* 11:25: "The generous man will be prosperous and he who waters others will himself be watered." The Moseleys stated they trusted Hampton because he "presented himself as a minister who dabbled in building."

After purchasing the lot, the Moseleys learned of the easement and the resulting inability to build a home suited to their needs. The Moseleys sued ATP and Hampton alleging multiple causes of action, including fraud. The matter was tried nonjury solely on the fraud claim. The trial court found that fraud had been established by clear and convincing evidence and awarded actual and punitive damages against Hampton and ATP. The court of appeals reversed the judgment against Hampton. The judgment against ATP was affirmed. ATP sought a writ of certiorari, which we granted.[4]

## II.

An action for fraud is an action at law. In an action at law, on appeal of a case tried without a jury, the findings of fact will not be disturbed if there is any evidence which reasonably supports the judge's findings. The judge's findings in such an instance are equivalent to a jury's findings in a law action. *Townes Assoc., Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). Our scope of review extends merely to the correction of errors of law. *Temple v. Tec–Fab, Inc.,* 381 S.C. 597, 599–600, 675 S.E.2d 414, 415 (2009).

## III.

### A.

ATP first argues there is no clear and convincing evidence that it engaged in fraud. Under the "any evidence" standard of review, the record contains evidence supporting the finding of fraud against ATP. That evidence consists of

---

4. In its opinion, the court of appeals found the facts did not warrant relief against Hampton. That finding is the law of the case, for the Moseleys did not seek certiorari on that issue.

ATP supplying the Moseleys with the falsified plat and related assurances that a home suited to their needs could be built on the lot. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 343 S.C. 587, 594, 541 S.E.2d 257, 261 (2001) ("An appellate court's scope of review in cases of fraud, where the proof must be by clear, cogent and convincing evidence, is limited to determining whether there is any evidence reasonably supporting the circuit court's findings."); *Harold Tyner Dev. Builders, Inc. v. Firstmark Dev. Corp.*, 311 S.C. 447, 429 S.E.2d 819 (Ct.App.1993) (affirming a judgment pursuant to a claim of fraud because the evidence, when viewed in the light most favorable to the plaintiff, was sufficient for a jury to reasonably infer the alleged actions amounted to fraud); *Gasque v. Voyager Life Ins. Co. of S.C.*, 288 S.C. 629, 344 S.E.2d 182 (Ct.App.1986) (affirming the judgment pursuant to a fraud claim because the issue of whether the insured made false representations to obtain insurance was a question of fact for the jury).

## B.

■■ ATP further argues that because the misrepresentation was discoverable in the public record, the fraud claim must fail as a matter of law. The specific element challenged is the "hearer's right to rely" on the misrepresentation.[5] ATP contends that because the existence of the easement was discoverable in the public record, the Moseleys' reliance on the misrepresentation was not reasonable as a matter of law. We disagree and hold that a question of fact existed as to whether the Moseleys' reliance was justified.

■ ATP is correct in that, generally, "one cannot rely upon misstatement of facts, if the truth is easily within its reach." *O'Shields v. S. Fountain Mobile Homes, Inc.*, 262

---

5. In an action for fraud, a plaintiff must prove by clear and convincing evidence the following elements:

(1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011).

S.C. 276, 282, 204 S.E.2d 50, 52 (1974) (internal quotations omitted). ATP points to *LoPresti v. Burry* to support its contention that fraud cannot be actionable where the truth is discoverable in the public records. 364 S.C. 271, 612 S.E.2d 730 (Ct.App.2005). In *LoPresti,* the purchasers of a home on a lake argued that removal of a dotted line depicting a floodplain from the recorded subdivision plat amounted to a misrepresentation by the seller. The court of appeals concluded the purchasers were on constructive notice of the floodplain because it was available in the public records. However, *LoPresti* does not stand for the bright-line rule ATP seeks to advance. The *LoPresti* court acknowledged there are instances in which a purchaser's reliance will be reasonable, notwithstanding constructive notice. The court noted that constructive notice is "inapplicable especially 'where the very representations relied on induced the hearer to refrain [from] an examination of the records.'" *See id.* at 277 n. 12, 612 S.E.2d at 733 (citing *Reid v. Harbison Dev. Corp.,* 285 S.C. 557, 561, 330 S.E.2d 532, 534–35 (Ct.App.1985)).

The case of *Slack v. James* is instructive. 364 S.C. 609, 614 S.E.2d 636 (2005), *aff'g,* 356 S.C. 479, 589 S.E.2d 772 (Ct.App. 2003). In a real estate transaction, the seller informed the buyers that there were no easements on the property. After the parties entered into a written-contract, the buyers learned there was a permanent sewer easement across the property. When the buyers refused to proceed with the purchase, the seller sued the buyers for breach of contract. The buyers counterclaimed for, among other claims, fraud. The trial court dismissed the fraud counterclaim on the basis that the buyers "failed to exercise reasonable diligence to protect their interests and had no right to rely on the real estate agent's alleged misrepresentation as to the existence of the sewer line easement." *Id.* at 612–13, 614 S.E.2d at 638. The court of appeals reversed. On certiorari we concurred. The court of appeals "found that, while Buyers could have ascertained the existence of the easement through investigation of public records, their failure to do so does not preclude them from asserting a tort claim for fraud or negligent misrepresentation. The court held the question of whether Buyers could reasonably rely on the statement at issue in view of the information entered upon the public record is for a jury, not the court, to determine." *Id.* at 613, 614 S.E.2d at 638. We

held that the court of appeals "properly found a question of fact exists as to whether Buyers' reliance on the misrepresentation was reasonable although the falsity of the alleged misrepresentation could have been ascertained by examining the public records." *Id.* at 615, 614 S.E.2d at 639 (internal citations omitted).

Our jurisprudence reflects a preference for a case by case approach to the question of whether a hearer's reliance on misrepresentations as to matters in the public record is reasonable. That is so because "[f]raud ... assumes so many hues and forms, that courts are compelled to content themselves with comparatively few general rules for its discovery and defeat, and all the facts and circumstances peculiar to each case to bear heavily upon the conscience and judgment of the court or jury in determining its presence or absence." *Conner v. City of Forest Acres,* 348 S.C. 454, 466, 560 S.E.2d 606, 612 (2002) (quoting *Sullivan v. Calhoun,* 117 S.C. 137, 139, 108 S.E. 189, 189 (1921)).

While there may be cases in which a hearer's reliance on a misrepresentation that is a matter of public record is unreasonable as a matter of law, this is not one of those cases. This case presented a question of fact. We find ATP's fraudulent misrepresentations, when viewed in a light most favorable to the Moseleys, " 'induced the [Moseleys] to refrain [from] an examination of the records.' " *LoPresti,* 364 S.C. at 277 n. 12, 612 S.E.2d at 733 (citing *Reid v. Harbison Dev. Corp.,* 285 S.C. at 561, 330 S.E.2d at 534). Whether the Moseleys' reliance on ATP's fraud was reasonable, given the easement was in the public record, was a question for the fact-finder.

■ Moreover, from a policy standpoint, we acknowledge the benefits flowing from the constructive notice doctrine in which one is charged with knowledge of matters in the public record. Yet that general rule must at times yield when confronted with fraudulent misrepresentations. The purpose of the recording act is, after all, to protect innocent purchasers, not fraudulent sellers. See *Slack v. James,* 356 S.C. at 483, 589 S.E.2d at 774 ("The purpose of the recording act is to protect one who buys a recorded title against one who acquires a paper title but fails to record it. The recording act is not intended to protect a seller who makes a false or misleading statement.").

## C.

ATP also assigns error to the court of appeals for upholding the judgment against it after exonerating Hampton. According to ATP, the court of appeals improperly pointed to the real estate agent as AT P's agent. We disagree and affirm. The record supports the finding that the real estate agent was acting as ATP's agent. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); *see also Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 343 S.C. 587, 594, 541 S.E.2d 257, 261 (2001) ("An appellate court's scope of review in cases of fraud, where the proof must be by clear, cogent and convincing evidence, is limited to determining whether there is any evidence reasonably supporting the circuit court's findings.").

## IV.

We affirm the court of appeals.

AFFIRMED.

TOAL, C.J., PLEICONES, BEATTY, JJ., and Acting Justice James E. Moore, concur.