**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jones G. Herring, Respondent,

v.

Gilbert S. Bagnell and Bagnell and Eason, LLC,
Appellants.

Appellate Case No. 2012-212744

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-268
Heard April 10, 2014 – Filed June 30, 2014

———————

**REMANDED**

———————

Richard R. Gleissner, Gleissner Law Firm, LLC, of
Columbia, for Appellants.

Douglas N. Truslow, Truslow & Truslow, of Columbia,
for Respondent.

———————

**PER CURIAM:** Gilbert S. Bagnell and Bagnell and Eason, LLC, appeal from a
default judgment of $254,306.77 in actual damages and $250,000 in punitive
damages to Jones G. Herring for Herring's malpractice action. We remand for

recalculation and determination of actual damages based on evidence presented according to the following authorities:

1. Actual damages not in accord with evidence presented: *Howard v. Holiday Inns, Inc.* 271 S.C. 238, 240, 246 S.E.2d 880, 881 (1978) (stating that in a default case the plaintiff must prove the amount of the damages by a preponderance of the evidence); *Jackson v. Midlands Human Res. Ctr.*, 296 S.C. 526, 529, 374 S.E.2d 505, 506 (Ct. App. 1988) (stating though the defendant is in default as to liability, the damages award must be in keeping with the allegations of the complaint and the proof submitted).

2. Punitive damages: *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 213, 723 S.E.2d 597, 608 (Ct. App. 2012) (remanding an award of punitive damages for determination in light of the court's remand for a determination of actual damages); *Reid v. Harbison Dev. Corp.*, 289 S.C. 319, 322, 345 S.E.2d 492, 493 (1986) (stating actual damages should not be separated from punitive damages for retrial on actuals alone).

**REMANDED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**