## DULANY & CO. v. ELFORD & DARGAN.

1. Four days' notice should be given of a motion requiring security for costs, but where granted without notice and complied with, no delay being occasioned, there is no ground for a new trial. *Doubted,* whether an order requiring security for costs is appealable, unless it results in a termination of the action by non-suit.

2. There being *some* evidence *tending to show* that defendant was a member of a debtor partnership, the Circuit judge erred in granting a nonsuit as to such defendant.

3. What constitutes a partnership is a question of law, and should be charged by the judge to the jury, leaving it for the jury to say whether there is sufficient evidence to establish the facts so charged by the judge to be necessary to the existence of a partnership.

4. Where all of the partners are served, there is no law which authorizes

a verdict to be rendered against the *effects* of a firm. In such case, section 157 of the code does not apply.

5. A question not presented to the Circuit judge, nor decided by him, cannot properly be brought before this court for consideration.

6. In ordinary action against a partnership, the question of the liability of one of the defendants for an amount of money withdrawn from the firm, not being raised by the pleadings, cannot be considered.

Before FRASER, J., Greenville, July, 1884.

The opinion fully states the case.

*Messrs. Perry & Heyward,* for appellants.

Security for costs cannot be demanded except upon due notice served before the commencement of the term. 1 *McCord,* 552; 13 *S. C.,* 44.

The evidence was sufficient to make Mrs. Elford liable, and it was not a case for non-suit. 19 *S. C.,* 23, 32; 21 *Id.,* 93; 18 *Id.,* 537; 3 *Kent,* *27, *37, and *57, and citations; 16 *Johns.,* *40; 4 *B. & Ald.,* 663; 2 *H. Bl.,* 247; 4 *Rich.,* 314; 1 *Bail.,* 146; *Doug.,* 371; *Gen. Stat.* (1872), 318; *Gen. Stat.* (1882), §§ 1288, 1289; 1 *Myl. & K.,* 582; *Coll. Part.,* §§ 6, 125, and citations.

Plaintiffs have a right to judgment against the "effects of the firm of Elford & Dargan." *Code,* § 157.

*Mr. J. L. Orr,* contra.

March 5, 1885. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiffs brought this action on two notes, bearing date April 12, 1883, signed "Elford & Dargan," and in the complaint it is alleged that the defendants were copartners under that name and style. Dargan made default, but the other defendant, Mrs. Caroline Elford, put in an answer denying that she had ever been a member of the firm of Elford & Dargan, which firm, she alleged, was dissolved in October, 1875, by the death of G. E. Elford, who, it seems, was her husband.

When the case was first reached, on sounding the calendar,

the attorney of Mrs. Elford moved that the plaintiffs, being non-residents, be required to put in security for costs, which motion was objected to by plaintiffs' attorney upon the ground that no notice had been given of such a motion, and that it came too late. On the same day, being July 14, written notice was served that, on the call of the case for trial, an order requiring security for costs would be moved for. The Circuit judge ruled that a plaintiff, being a non-resident, might be required to furnish security for costs at any time, and on the same day (July 14) passed an order requiring the plaintiffs to put in security for costs, on or before the first day of September next, or be non-suited. The required security was furnished on July 15, and the case was tried in regular order on July 17.

Dargan testified that the notes in suit were signed by him, in the firm name of Elford & Dargan; that G. E. Elford, who, with himself, originally constituted the firm of Elford & Dargan, died in October, 1875, at which time said firm was indebted to the amount of one thousand dollars; that the concern was never closed up, and was never free from debt; that he heard Mrs. Elford say she was willing for her interest to remain in the firm; that he paid Mrs. Elford out of the firm, in money and other articles, from $165 to $175 a year, and that on June 30, 1883, one McPherson bought the interest of Mrs. Elford for $2,000, out of which the witness applied $500 to the payment of the debts due by Elford & Dargan, and paid over the balance to Mrs. Elford, taking her receipt in these words: "Greenville, S. C., June 30th, 1883. Received of W. J. Dargan fifteen hundred dollars, consideration in full for my interest in the firm of Elford & Dargan. Witness my hand and seal this the 30th day of June, 1883. C. Elford. [Seal.] Witness: B. Bostick." On his cross-examination, this witness testified that the accounts for which the notes sued on were given were contracted after the death of G. E. Elford; that the interest of G. E. Elford in the stock of goods at his death was $2,287, his share being three-fifths and that of the witness being two-fifths; could not say what his interest was worth. It also appeared that G. E. Elford left a will, of which C. G. Wells, Esq., was the executor, and that, as the event has proved, Mrs. Elford was his sole legatee.

On the close of the testimony for the plaintiffs, the Circuit judge granted an order, on the motion of defendants' attorney, for a non-suit as to the defendant, Caroline Elford, upon the ground "that it has not been shown that the defendant, Caroline Elford, was ever a member of the firm of Elford & Dargan, either at the date of the notes sued on or at any other time." The plaintiffs' attorney then moved to take a verdict against Dargan "and the effects of the firm of Elford & Dargan," which motion was refused, the Circuit judge holding that as there was no answer put in by Dargan, it was not clear that the plaintiffs were entitled to take any verdict at all, but a judgment by default would be the proper course, and that the jury could not render a verdict against the "effects" of any one whether a party or not; the plaintiffs, however, were allowed to take a verdict against "W. James Dargan, doing business under the name of Elford & Dargan."

The plaintiffs appeal upon the following grounds: "1. That his honor erred in ruling that plaintiffs could be required, upon the call of the case upon the calendar to furnish security for costs, although no previous notice of a motion for such security had been served by the defendants. II. That the evidence was amply sufficient to make Mrs. Elford liable upon the notes proven, and his honor erred in refusing to allow it to go to the jury. III. That his honor erred in refusing to allow judgment to be entered against the effects of the firm of Elford & Dargan. IV. That it is submitted that in any event the amount paid to Mrs. Elford by the defendant Dargan, being part of the assets of Elford & Dargan, is liable for the debts of Elford & Dargan."

The point of the first ground of appeal seems to be the failure to give due notice of the motion.   Section 413 of the code seems to require at least four days notice of such a motion, except in the case mentioned in section 403, but as the plaintiffs were not prejudiced by the granting of the order, inasmuch as no delay was occasioned thereby, we do not think this would furnish a sufficient ground for a new trial.   Indeed, under the case of *McMillan* v. *McCall*, 2 *S. C.*, 390, it may be doubted whether an order requiring security for costs is reviewable on appeal, unless it results in a termination of the action by a non-suit.

Although rule X. of the circuit court, providing for security for costs, does not require notice, yet we think that no such order should be granted without notice.

The second ground raises the question as to the propriety of the order of non-suit. The rule is well settled by recent decisions of this court, referred to in the argument, that a non-suit can only be granted where there is an entire absence of any evidence tending to establish the plaintiff's case, or some material part thereof. In this case the sole issue was whether the defendant, Mrs. Elford, was a partner in the firm of Elford & Dargan, and the only question for us to determine is not whether the evidence offered was sufficient to establish the affirmative of that issue, but whether there was *any* evidence tending that way. If there was, then there was error in granting the non-suit; but if there was no such evidence, then the order of non-suit was properly granted.

We cannot say that there was an entire absence of any such evidence. There was testimony to the effect that Mrs. Elford had said that she was willing for her interest to remain in the firm ; that she received yearly from Dargan payments out of the firm, and in the receipt set out above she acknowledges the receipt of the sum of money there mentioned "in full for my interest in the firm of Elford & Dargan." These circumstances certainly did *tend to show* that she being the sole legatee of her deceased husband, and as such entitled to his interest in that firm, had agreed to continue the same arrangement which had previously existed between Dargan and her deceased husband. Whether this evidence was *sufficient* to establish that fact, it is not for us, or for the Circuit judge, to determine, but was a question solely for the jury, and we think should have been submitted to them.

It is true that the question as to what constitutes a partnership is a question, not of fact, but of law, and therefore where an issue of that kind is raised, it is the duty of the judge to explain to the jury what will constitute a partnership, and then leave it to the jury to say whether the testimony adduced is sufficient to establish the facts necessary to the existence of a partnership. The case of *Pleasants* v. *Fant,* 22 *Wall.,* 116, is not applicable, for

that case proceeds upon the idea that the judge has the authority to determine the *sufficiency* of the evidence, whereas, in this state, that is a question for the jury, as has often been held.

As to the third ground of appeal, we agree with the Circuit judge that we know of no law which would authorize the rendering of such a verdict or judgment. Section 157 of the code, by its express terms, applies only to those cases in which only one of two partners has been served with the summons, and affords no authority for the position of appellants.

The fourth ground of appeal raises a question not presented to, or decided by, the Circuit judge, and is therefore not properly before us. We may say, however, that we do not see how such a question could be raised under the pleadings in this case, and we do not understand that there was any application to amend the pleadings so as to bring up such a question.

The judgment of this court is that the judgment of non-suit granted by the Circuit Court, as to the defendant, Mrs. Caroline Elford, be reversed, and that the case be remanded to that court for a new trial as to her.