24469

Richard H. COEN and Sarah M. Coen, Appellants/Respondents v. C. Deas GADSDEN, National Mortgage Company and Albert T. Hensen, Defendants, Of whom Albert T. Hensen is Respondent/Appellant.

(473 S.E. (2d) 801)

Supreme Court

*W.H. Bundy* and *Stan Barnett*, both of *Smith, Bundy, Bybee & Barnett*, Charleston; and *Stephen A. Spitz*, Columbia, *for appellants/respondents.*

*Albert T. Hensen*, Summerville, *pro se.*

Heard June 5, 1996.

Decided July 22, 1996; Reh. Den. Aug. 26, 1996.

MOORE, Justice:

This appeal is from an order allowing the attachment of a judgment creditor's lien to a debtor's interest in property. We affirm.

## FACTS

Appellants/respondents (hereinafter "Coen") commenced this action against defendant Gadsden seeking dissolution and an accounting of a partnership called "52 Tradd Street Partnership" allegedly formed to buy, renovate, and resell the property located at that address in Charleston. After the initial purchase of the property in 1990, Coen contributed $168,320 for improvements and Gadsden $35,000. Gadsden denied the existence of a partnership and counterclaimed alleging he was entitled to a one-half interest in 52 Tradd Street as a cotenant with Coen.

Coen also sued respondent/appellant Hensen (Judgment Creditor) who held a judgment lien against real property owned by Gadsden in Charleston County. Judgment Creditor counterclaimed alleging his lien was valid against 52 Tradd Street to the extent of Gadsden's interest in it as a cotenant. He based this claim on the fact that the deed to the property was held in Coen's and Gadsden's names as individuals and not in the name of the partnership.

To facilitate a sale of the property to a prospective buyer, the parties agreed to a sale with the proceeds to be held by the court until the dispute between them was resolved. By consent, any lien on the property was transferred to the sale

proceeds. After a mortgage payoff, net proceeds of $126,000 from the sale of 52 Tradd Street were deposited with the court. On motions for summary judgment, the trial judge found that Judgment Creditor's lien attached to Gadsden's interest as a cotenant and ordered disbursement from the sales proceeds to pay Judgment Creditor's outstanding lien in the amount of $29,771.38 plus interest.

## ISSUES

1. Is property titled in the individual partners' names subject to attachment of a judgment creditor's lien arising from a partner's debt?

2. Is the trial judge's determination of the partners' respective shares as cotenants in the property inequitable?

## DISCUSSION

Coen claims the trial judge erred in relying solely on the title to the property to determine whether it was encumbered by Judgment Creditor's lien. He contends this ruling contradicts case law holding that title alone is not determinative and the intention of the partners must be considered to establish whether particular property constitutes partnership property. *Folkens v. Hunt*, 290 S.C. 194, 348 S.E. (2d) 839 (Ct. App. 1986). Further, he contends since the evidence indicates the property is partnership property, the Uniform Partnership Act applies. Under the Uniform Partnership Act, a partner's right in specific partnership property is not subject to attachment or execution except on a claim against the partnership itself. S.C. Code Ann. § 33-41-720(2)(c) (1990).[1]

While we recognize that *Folkens v. Hunt* states the general rule for determining partnership property as *between the partners themselves*, there is not precedent in this State regarding whether the "intention of the partners" rule applies to a third party. We now hold property must be titled in the partnership name to qualify as partnership property under § 33-41-720(2)(c) and avoid attachment of a judgment lien

---

[1] This section provides in pertinent part:

(c) a partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. . . .

arising from a partner's individual debt. *Accord Morgan Guaranty Trust Co. v. Alexander Equities, Inc.*, 246 Ga. 60, 268 S.E. (2d) 660 (1980). A partnership can easily protect itself by taking title to property in its partnership name, a practice that helps ensure the effectiveness of title searches.[2]

Coen further contends the trial judge inequitably allowed Judgment Creditor's lien to attach to more than Gadsden's interest as a cotenant in light of the disparate amounts contributed to improvements.

The amount owed a cotenant for improvements to the property does not become a lien upon the property itself and therefore does not affect the respective shares of the cotenants. *Thurston v. Dickinson*, 19 S.C. Eq. (2 Rich. Eq.) 317 (1846).[3] Accordingly, the trial judge properly allowed payment of Judgment Creditor's lien limited to one-half the sales proceeds.[4]

Finally, we address Coen's argument that the result we reach here sets aside the statutory scheme for the distribution of partnership property under the Uniform Partnership Act.[5] We disagree. Our holding today simply allows attachment of a judgment lien to the extent of a partner's interest in the property as determined under the law of cotenancy. The partner's interest subject to the lien is then removed from the pool of partnership assets and is no longer credited as a contribution by that partner. Whether the remainder of the property is distributed as partnership property is unaffected.

In light of this disposition, we need not address the issues raised in Judgment Creditor's appeal.

---

[2] Under § 33-41-41-720(2)(c), a lien arising from a *partnership* debt still attaches to a partner's interest in specific partnership property even if not titled in the partnership's name.

[3] When property held in cotenancy is partitioned, the court will allow compensation as an equitable remedy to a cotenant for improvements upon the common property. *Few v. Few*, 242 S.C. 433, 131 S.E. (2d) 248 (1963); *Shumaker v. Shumaker*, 234 S.E. 421, 108 S.E. (2d) 682 (1959).

[4] Both parties contributed equally to the purchase price of the property.

[5] Under the Uniform Partnership Act, in settling accounts between the partners after dissolution, partnership property is subject to satisfy the following in descending order of priority; third-party debts, debts owed to partners other than for capital or profits, capital owed to partners, and profits owned to partners. Under this statutory scheme, Coen would first be repaid his outlay for improvements before profits from the sale were paid to both partners.

Affirmed.

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.