629 S.E.2d 359

**Floyd THOMAS, Jr., Appellant,**

v.

**Pearlie Mae McGRIFF, as Personal Representative of the Estate of Ella Mae McGriff, Respondent.**

**No. 26138.**

Supreme Court of South Carolina.

Heard March 8, 2006.
Decided April 17, 2006.

---

with a man should be affirmed. I additionally agree with all other holdings in section IV of the majority opinion.

486

Robin Page Freeland and Francis L. Bell, Jr., both of Bell, Tindal & Freeland, of Lancaster, for Appellant.

B. Michael Brackett, of Moses, Koon & Brackett, of Columbia, and David R. Blackwell, of Lancaster, for Respondent.

Justice PLEICONES:

Appellant Floyd Thomas, Jr. (Appellant) brought this action in the family court against Respondent Pearlie Mae McGriff

(Respondent), as Personal Representative of the Estate of Ella Mae McGriff, for a declaration that Appellant and Ella Mae McGriff were common-law spouses on the date of Ella Mae's death. The family court granted Respondent's motion to dismiss for lack of subject-matter jurisdiction, holding that because Ella Mae was deceased and her probate estate was open, the probate court had exclusive jurisdiction over the matter. We certified the case pursuant to Rule 204(b), SCACR, and we now reverse the family court's decision and remand the case to the family court for further proceedings.

## ISSUE

Whether the family court erred in dismissing Appellant's action for lack of subject-matter jurisdiction.

## ANALYSIS

As the family court noted, this case turns on the interpretation of two statutes: South Carolina Code sections 20–7–420(5) [1] and 62–1–302(a)(1). [2] Section 20–7–420(5) provides: "The family court shall have exclusive jurisdiction ... [t]o hear and determine actions to determine the validity of marriages." Section 62–1–302(a)(1) provides: "To the full extent permitted by the Constitution, and except as otherwise specifically provided, the probate court has exclusive original jurisdiction over all subject matter related to ... estates of decedents, including the contest of wills, construction of wills, and determination of heirs and successors of decedents and estates of protected persons." [3]

The family court ruled that section 20–7–420(5) does not apply when one of the parties to the purported common-law

---

1. S.C.Code Ann. § 20–7–420(5) (1976) (re-designated by 2005 Act No. 132, §§ 1–3; *see* S.C.Code Ann. § 20–7–420(A)(5) (Supp.2005)).

2. S.C.Code Ann. § 62–1–302(a)(1) (Supp.2005).

3. The General Assembly amended both statutes, effective June 3, 2005. *See* 2005 Act No. 132, §§ 1–4. Each statute now specifically provides that the family and probate courts have subject-matter jurisdiction over issues relating to common-law marriage, except that the probate court has jurisdiction only to the extent that the issues are connected to estate, guardianship, or conservatorship matters. *See* S.C.Code Ann. §§ 20–7–420(B) and 62–1–302(c) (Supp.2005).

marriage is deceased. Rather, the court held, section 62–1–302(a)(1) applies, because a determination that a party was the common-law spouse of the decedent is really a determination that the party is an heir of the decedent. We disagree.

■ Reading the statutes together, jurisdiction to determine the existence of a common-law marriage depends upon the ultimate issue before the court. If the ultimate issue is heirship, which is within the probate court's exclusive jurisdiction, then the probate court has jurisdiction to resolve the threshold issue whether the decedent was a party to a common-law marriage. If the existence of a common-law marriage is itself the ultimate issue, then the family court has exclusive jurisdiction. *Cf. Neely v. Thomasson*, 365 S.C. 345, 350–51, 618 S.E.2d 884, 887–88 (2005) (recognizing the difference between jurisdiction over an action and jurisdiction over an issue, and holding that although section 20–7–420(7)[4] vests the family court with exclusive jurisdiction over actions to determine paternity, under section 62–1–302(a)(1) the probate court has jurisdiction to resolve the issue of paternity when the issue is essential to the probate court's determination of heirs).

■ Here, Appellant brought an action for a declaration that he and Ella Mae McGriff were in a common-law marriage on the date of Ella Mae's death. Appellant admits that he might seek to utilize the declaration, if the family court makes it, to claim in the probate court that he is an heir of Ella Mae. While it would have been more judicially economical for Appellant to claim heirship in the probate court and allow the probate court to resolve the common-law-marriage issue, nothing prohibited Appellant from first bringing this action in the family court. The family court therefore erred in dismissing the action for lack of subject-matter jurisdiction.

## CONCLUSION

The family court has exclusive subject-matter jurisdiction to determine an action for a declaration that a common-law marriage exists or existed. The probate court has exclusive

---

4. S.C.Code Ann. § 20–7–420(7) (1976) (re-designated by 2005 Act No. 132, §§ 1–3; *see* S.C.Code Ann. § 20–7–420(A)(7) (Supp.2005)).

subject-matter jurisdiction to determine heirs, which might involve the issue whether a common-law marriage existed. Whether the family court or probate court has jurisdiction over the issue of common-law marriage depends on the nature of the action in which the issue arises. Here, Appellant's action is for a declaration that he and Ella Mae McGriff were parties to a common-law marriage on the date of Ella Mae's death. Appellant does not now seek a determination that he is an heir of Ella Mae's estate. Consequently, the family court has exclusive subject-matter jurisdiction over Appellant's action. We therefore reverse the dismissal of the action and remand the case to the family court for further proceedings.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, WALLER, JJ., and Acting Justice J. MARK HAYES, II, concur.