**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jimmy Helms, Respondent,

v.

Debbie Willing, Appellant.

Appellate Case No. 2021-000898

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-277
Heard April 16, 2024 – Filed July 24, 2024

———————

**AFFIRMED**

———————

Ainsley Fisher Tillman, of Ford Wallace Thomson, LLC, of Charleston, for Appellant.

S. Jahue Moore, of Moore Bradley Myers, PA, of West Columbia, for Respondent.

———————

**PER CURIAM**: In this action for the division of partnership property, Debbie Willing asserts following a bench trial, the circuit court (1) erred in finding a partnership existed between her and Jimmy Helms in their operation of Jimmy's Citgo (the Business); (2) lacked subject matter jurisdiction because only the family court has jurisdiction to determine the validity of a common-law marriage; (3)

erred in its posttrial appointment of Marcus B. Hodge as forensic accountant; and (4) erred in its division of partnership property.  We affirm.

1. The circuit court did not err in determining a partnership existed between Helms and Willing in their operation of the Business located at 812 and 820 Meeting Street.  *See Williams v. Gov't Emps. Ins. Co. (GEICO)*, 409 S.C. 586, 594 n.4, 762 S.E.2d 705, 710 n.4 (2014) (noting the judge is the factfinder during a bench trial); *Dulany & Co. v. Elford & Dargan*, 22 S.C. 304, 308 (1885) ("[W]hat constitutes a partnership is a question, not of fact, but of law, and therefore where an issue of that kind is raised, it is the duty of the [factfinder] . . . to say whether the testimony adduced is sufficient to establish the facts necessary to the existence of a partnership."); *Electro-Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter*, 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct. App. 2004) ("In an action at law, on appeal of a case tried without a jury, the appellate court's standard of review extends only to the correction of errors of law."); *Moseley v. All Things Possible, Inc.*, 395 S.C. 492, 495, 719 S.E.2d 656, 658 (2011) ("In an action at law, on appeal of a case tried without a jury, the findings of fact will not be disturbed if there is any evidence which reasonably supports the judge's findings."); *Moore v. Moore*, 360 S.C. 241, 260, 599 S.E.2d 467, 477 (Ct. App. 2004) ("A partnership is an association of two or more persons to carry on as co[]owners a business for profit."); *Stephens v. Stephens*, 213 S.C. 525, 531-32, 50 S.E.2d 577, 580 (1948) (determining a partnership exists when "the parties to a contract, by their acts, conduct, or agreement show that they intended to combine their property, labor, skill and experience, or some of these elements on one side, and some on the other, to carry on, as principals or co[]owners, a common business, trade, or venture as a commercial enterprise, and to share, either expressly or by implication, the profits and losses or expenses that may be incurred"); *id.* at 530-32, 50 S.E.2d at 579-80 (finding the intent of the parties is one of the most important tests as to the existence of a partnership and intent to enter a partnership may be implied from the parties' conduct); *Wyman v. Davis*, 223 S.C. 172, 181, 74 S.E.2d 694, 699 (1953) (determining parties demonstrate their intent to enter into a partnership relationship by conduct through "(1) [the] sharing of profits and losses; (2) community of interest in capital or property; and (3) community of interest in control and management"); *Moore*, 360 S.C. at 261, 599 S.E.2d at 477 ("[W]hen all of the conditions exist which by law create a legal relationship, the effects flowing legally from such relation follow whether the parties foresaw and intended them or not." (alteration in original) (quoting *Stephens*, 213 S.C. at 531, 50 S.E.2d at 579)). Here, the parties acted as coowners of the Business.  They negotiated business decisions together including the Business's sale; they were both authorized signatories on the Business's accounts and wrote checks on behalf of the Business;

and they participated jointly in day-to-day operations including the hiring and management of employees.

Willing argues the circuit court's order overlooks or disregards the South Carolina Uniform Partnership Act (the Act)[1] and the Act supersedes the common law test for the existence of a partnership. However, South Carolina courts continue to rely on the common law test to determine the existence of a partnership. *See, e.g.*, *Corley v. Ott*, 326 S.C. 89, 91-92, 485 S.E.2d 97, 99 (1997); *Moore*, 360 S.C. at 259-61, 599 S.E.2d. at 476-78; *Beck v. Clarkson*, 300 S.C. 293, 300-301, 387 S.E.2d 681, 685-686 (Ct. App. 1989). Further, though the circuit court did not cite the Act directly in its order, the definition of a partnership and the test for determining the existence of a partnership, outlined respectively in sections 33-41-210 and 33-41-220 of the South Carolina Code, are consistent with the common law the court cited.[2] Accordingly, the circuit court did not err in determining a partnership existed between Helms and Willing.

2. The circuit court had subject matter jurisdiction to divide the partnership property. *See Bardoon Props., NV v. Eidolon Corp.*, 326 S.C. 166, 169, 485 S.E.2d 371, 372 (1997) ("Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong."); *Anderson v. Anderson*, 299 S.C. 110, 115, 382 S.E.2d 897, 900 (1989) (explaining subject matter jurisdiction may not be waived, even by consent of the parties); *Nix v. Columbia Staffing, Inc.*, 322 S.C. 277, 280, 471 S.E.2d 718, 719 (Ct. App. 1996) ("[L]ack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised *sua sponte* by the court."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992) ("The family court has jurisdiction to determine any issue affecting the validity of a contract of marriage."); *Thomas v. McGriff*, 368 S.C. 485, 488, 629 S.E.2d 359, 360 (2006) ("The family court has exclusive subject-matter jurisdiction to determine an action for a declaration that a common-law marriage exists or existed."); S.C. Code Ann. § 20-1-520 (2014) ("When the validity of a marriage shall be denied or doubted by either of the parties, the other may institute a suit for affirming the marriage and, upon due proof of the validity thereof, it shall be decreed to be valid and such decree shall be conclusive upon all persons

---

[1] S.C. Code Ann. §§ 33-41-10 to -1330 (2006).

[2] In addition to sections 33-41-210 and -220, Willing asserts the circuit court order disregards the rules outlined in sections 33-41-230, -710, -720, -730, and -910. We find each of these rules is either consistent with the circuit court's order or inapplicable to the present case.

concerned."). Helms could have continued to pursue his common-law-marriage action in family court or filed a civil action in circuit court. He chose to allow the family court action to expire under the 365-day rule to pursue his civil action in circuit court. *See* RE: Family Court Benchmark, S.C. Sup. Ct. Order dated August 27, 2014 ("The County Clerks of Court shall indicate on all domestic relations . . . cases . . . [w]ritten requests for a final hearing in this case must be delivered by a party or attorney to the Clerk's Office within 365 days of this filing date. Failure to comply with this notice shall result in the dismissal of this case by the Chief Judge for Administrative Purposes.'"); *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 238, 442 S.E.2d 598, 600 (1994) ("The circuit court is made up of the court of common pleas, which hears civil actions . . . ."). Rather than filing an action of her own in family court for a common-law-marriage determination, which notably, Willing maintains never existed, she sought to compel Helms to litigate his civil action in the court of her choosing. Accordingly, as the family court case was dismissed, this matter was properly before the circuit court.

3. The issue of whether the circuit court erred in its appointment of the forensic accountant was not preserved for appellate review. *See Pelican Bldg. Ctrs. of Horry-Georgetown, Inc. v. Dutton*, 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993) ("[W]here an issue has not been ruled upon by the trial [court] nor raised in a post-trial motion, such issue may not be considered on appeal."); *State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 913 (Ct. App. 2004) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))). Willing failed to raise this issue at trial or in her motion for reconsideration; therefore, we find this matter not properly preserved for appellate review. Further, she expressly consented to the appointment at trial.[3] Therefore, in addition to failing to preserve the issue, we find she is procedurally barred from raising it on appeal. *See Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (finding appellant was procedurally barred from asserting complaint was not covered under the South Carolina Torts Claims Act when attorney for appellant expressly conceded to coverage at trial); *JASDIP Props. SC,*

---

[3] When Hodge's summary report was provided to Willing, Willing's attorney replied to the court in writing acknowledging receipt of the report and stating "we accept Mr. Hodge's report as the [c]ourt's evidence" and because Helms failed to retain his own accountant, "we believe speculation as to values may be inappropriate."

*LLC v. Estate of Richardson*, 395 S.C. 633, 641, 720 S.E.2d 485, 489 (Ct. App. 2011) (finding buyer was bound by concession made at trial as to the amount of earnest money owed when buyer later disputed amount on appeal).

4.  The circuit court did not err in its division of partnership property.  Willing claims the division was improper, prejudicial, and made in reliance on erroneous title determinations.  On appeal she addresses several properties other than 812 and 820 Meeting Street; however, she did not address these properties in her motion for reconsideration.  *See Pelican Bldg. Ctrs. of Horry-Georgetown, Inc.*, 311 S.C. at 60, 427 S.E.2d at 675 ("[W]here an issue has not been ruled upon by the trial [court] nor raised in a post-trial motion, such issue may not be considered on appeal.").  Accordingly, any issues related to properties other than 812 and 820 Meeting Street are not properly before this court.  In regards to 812 and 820 Meeting Street, Willing argues Helms's claim to apportionment of the partnership property is invalid because she possessed title to both properties at the time of trial.  *See Coen v. Gadsden*, 323 S.C. 136, 139, 473 S.E.2d 801, 803 (1996) (finding title alone is not determinative of ownership when the property is alleged to be partnership property and the intention of the partners must be considered when making this determination); *Moseley*, 395 S.C. at 495, 719 S.E.2d 656, 658 ("In an action at law, on appeal of a case tried without a jury, the findings of fact will not be disturbed if there is any evidence which reasonably supports the judge's findings.").  As to 812 Meeting Street, Helms transferred the property's title to Willing for the price of $5.00.  The nature of this transaction and Helms's testimony at trial indicate his intent to maintain an interest in the property as a partner of the Business.  To purchase 820 Meeting Street, Willing obtained a personal loan and the property was titled exclusively in her name.  However, 820 Meeting Street is directly adjacent to 812 Meeting Street.  Gas pumps were installed at 820 Meeting Street shortly after its purchase and all profits from these pumps were collected by the Business.  Therefore, in considering the intentions of the parties, the acquisition of 820 Meeting Street was for the expansion of their existing business at 812 Meeting Street and thus partnership property.  Further, though Willing took out a personal loan, she testified at trial that all payments made on the loan came from the Business's profits.  *See Stephens*, 213 S.C. at 535, 50 S.E.2d at 581 (finding real property purchased with partnership funds belongs to the partnership regardless of title).  Accordingly, the circuit court did not err in finding that 812 and 820 Meeting Street were partnership property.  We affirm.

**AFFIRMED.**

**WILLIAMS, C.J., and THOMAS and KONDUROS, JJ., concur.**