21664

Wilbur D. DORSEY, Respondent, v. Frank BROCKINGTON and Wallace Sessions, Defendants, of whom the defendant, Frank Brockington is the Appellant.

(289 S. E. (2d) 161)

*William E. Jekinson* and *W. E. Jenkinson, III,* Kingstree, *for appellant.*

*Lanue Floyd* and *James M. Connor,* Kingstree, *for respondent.*

March 8, 1982.

LITTLEJOHN, Justice:

This tort action arises out of a three-car collision involving plaintiff Wilbur D. Dorsey and defendants Frank Brockington and Wallace Sessions. The jury denied recovery on Dorsey's complaint, exonerating both Brockington and Sessions of liability.

Within Dorsey's cause of action, defendant Brockington couterclaimed asking that damages be assessed against plaintiff Dorsey. The trial judge granted plaintiff's motion for a directed verdict as to the counterclaim. Brockington has appealed.

The sole issue is: Did the judge err in dismissing the counterclaim by directing a verdict and thereby refusing to submit the issue to the jury?

The facts essential to our review are, in essence, as follows: About 7:30 p. m. on a rainy evening, August 26, 1978, Brockington and his two brothers were driving along a paved secondary road, 20 feet wide, when their car malfunctioned. The vehicle came to rest on the side of the road. Whether it was parked completely off or partially on the road is a fact in dispute. Some thirty or forty cars passed without stopping to render aid. The defendant Sessions came upon the scene from the opposite direction and, at Brockington's request, drove across the road and parked in front of the disabled vehicle such that the headlights would shine into the open hood of Brockington's disabled car.

After the three Brockingtons and Sessions began working under the hood of the Brockington vehicle, other cars passed from both directions without any apparent difficulty. Around 8:30 o'clock p. m., Dorsey approached in his vehicle from the rear of the stalled car and collided with it. It was Dorsey's testimony that he thought he was meeting an oncoming car with only one headlight operating. He slowed from about 50 m. p. h. to about 40 m. p. h. and eased over to his side of the road. Suddenly, he saw the reflection from Brockington's rear bumper. His car struck the Brockington car about the center and it, in turn, rammed into Sessions' car, pushing it off the opposite side of the road about 100 to 150 feet into a field. One of defendant Brockington's brothers was killed.

The basis of the judge's directed verdict ruling was his conclusion that ". . . the clear inferences from the evidence [are] that the vehicles were rather largely, or certainly in substantial part, located within the traveled portion of the highway, thus occupying the lane of travel of the plaintiff."

On a motion for a directed verdict, the evidence and all reasonable inferences must be viewed most favorably to the non-moving party, here Brockington. Viewing the evidence in this light, we think it is susceptible of more than one reasonable inference and the counterclaim should have been submitted to the jury. Independent of the negligence issue, there was a jury question as to proximate cause.

Section 56-5-2510, Code of Laws of South Carolina (1976), provides the following as relates to stopping a vehicle on a road:

Upon a highway outside of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon a paved or main-traveled part of the highway *when it is practicable* to stop, park or so leave such vehicle off such part of such highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.

*This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.* (Emphasis added.)

Whether one has removed his car from the road as far as practical, or whether one is temporarily prevented from removing his car because of disability to the vehicle, are ordinarily questions for the jury where there is conflicting testimony. *Howey v. Jordans, Inc.*, 223 S. C. 71, 74 S. E. (2d) 216 (1953). On cross-examination, Brockington testified as follows:

Q. All right. I believe you told Mr. Jenkinson that the car rolled about half a block, is that correct?
A. That's correct.

Q. In rolling a half block, you had ample time to roll slam off the highway if you had wanted to, couldn't you?
A. We did.

Q. But you didn't?
A. We did.

Q. Completely off the highway?
A. Completely, as far as we could possibly get off the highway. We did.

Q. Well, tell me what is on each side of this highway.
A. Fields.

Q. Were there any ditches?
A. There wasn't any ditches but a little set-back, I guess.

Q. You could have gotten the car farther off than you did if you had wanted to though, couldn't you?
A. I didn't think so.

Q. You rolled for a half a block?
A. That was far as we could get off the road. The field was plowed to the edge and we couldn't get any further.

Sessions testified that both his car and Brockington's car was lined up to the edge of the adjacent field. "We get as far as we can off the road because see, it [the field] was wet and it just been disced." Both stated that the emergency blinkers were flashing on Brockington's car.

There is evidence inconsistent with that quoted hereinabove. When evidence is in conflict, it becomes the chore of the jury to determine the truth. If the jury believes the evidence which we have quoted, it would be justified in finding that the Brockington and Sessions cars were parked legally and without negligence on their part. This being true we hold that the trial judge erred in refusing to submit the counterclaim to the jury. *MvVey v. Whittington*, 248 S. C. 447, 151 S. E. (2d) 92 (1966).

Inasmuch as the complaint of Dorsey is no longer before the Court, it is ordered upon remand that the pleadings be revamped under the direction of the trial judge so as to make the Counterclaim a Complaint and Dorsey's Reply an Answer.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.