**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Betty Jean Perkins, Respondent,

v.

South Carolina Department of Transportation, Appellant.

Appellate Case No. 2018-001665

———————

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-252
Submitted April 1, 2021 – Filed July 7, 2021

———————

**AFFIRMED**

———————

William McBee Smith, of Smith & Haskell Law Firm, LLP, of Spartanburg, and Andrew F. Lindemann, of Lindemann & Davis, P.A., of Columbia, for Appellant.

John E. Parker and Neil Edward Alger, both of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Ridgeland, for Respondent.

———————

**PER CURIAM:** Betty Jean Perkins was traveling in the left-hand lane of southbound I-85 in Spartanburg County when her car blew a tire. It was dark, and

according to Perkins' trial testimony, her car stalled in the lane of travel and would not restart. She called 911. The dispatcher directed her to exit her car and proceed to the right shoulder as quickly as possible. Perkins got out of her car and began walking in the left shoulder, hugging I-85's concrete center median so she would be visible to oncoming traffic before attempting to cross the highway. She did not get far before stepping into a hole between the median and the drainage catch basin, which caught her foot and caused her to fall, unable to rise on her own. Perkins testified she wore a size ten shoe, and her shoes were approximately five inches wide. Perkins later filed this lawsuit alleging the South Carolina Department of Transportation (SCDOT) was negligent in maintaining an unreasonably hazardous roadway that caused her to fall and sustain injuries to her knees and back.

At the bench trial, Perkins called two SCDOT engineers to testify about the dimensions of the drainage catch basin. She also introduced SCDOT's design specifications and several photographs of the basin that caused her fall, one of which (Perkins' Exhibit 5) we produce below. As the photograph shows, the basin is essentially comprised of a grate set in a three-sided concrete box. SCDOT's design called for the open side of the box to be installed flush with the median, which would create a three-inch-wide overflow gap—narrower than the gaps in the grate of the basin itself. Perkins' theory was that the edges of the basin's overflow gap where she caught her foot were not installed flush with I-85's center median as specified by the design, and the extra width of the gap caused by the improper installation created a hole or open pit hazardous to a pedestrian.



The trial court awarded Perkins $93,362.97 in actual damages. In its order, the trial court found the overflow gap as installed was much wider than the gaps in the grate itself and presented a foreseeable hazard to the traveling public, which SCDOT failed to remedy. The trial court concluded SCDOT was liable for Perkins' injuries, and Perkins was not negligent in leaving her stalled car and attempting to cross the road to safety under the circumstances.

SCDOT filed a judgment notwithstanding the verdict (JNOV) motion, asserting: 1) the evidence presented at trial was too speculative to support the trial court's findings; 2) the trial court erred as a matter of law in finding Perkins' accident was foreseeable; and 3) the trial court erred as a matter of law in finding Perkins' own actions in stopping her car in the left-lane of travel, exiting the vehicle, and walking in the left shoulder of I-85 were not negligent. After a hearing, SCDOT's JNOV motion was denied. SCDOT moved for reconsideration asserting the JNOV order did not address SCDOT's arguments with enough specificity to allow appropriate appellate review. The reconsideration motion was summarily denied. This appeal follows.

1. SCDOT contends the photographs of the drainage catch basin alone were not enough to prove the basin deviated from SCDOT's design specifications. Instead, SCDOT asserts proving a deviation by way of photographic evidence requires the expert testimony of a person trained in photogrammetry, which SCDOT describes as "the science of making accurate measurements through the use of photographs." We hold the evidence at trial created a reasonable inference the overflow gap was wider than SCDOT's design specifications. SCDOT's design specifications allowed for the overflow gap to be three inches wide, Perkins' shoe was five inches wide, and SCDOT's engineer testified that an "open void" of this width would not be an acceptable design tolerance for the basin. Further, besides Perkins' testimony that her foot went through the gap as well as photographs of the basin showing the edges were not flush with the median, there was ample testimony to demonstrate SCDOT's negligent installation of the basin. While it is odd no one at trial testified to the actual measurements of the gap, it was not necessary for Perkins to present the testimony of an expert in photogrammetry to satisfy her burden of proving the basin's edges not being flush with the concrete median constituted an installation flaw that created the unsafe gap. Accordingly, there is evidence in the record to reasonably support the trial court's finding the drainage catch basin was defective and presented a hazardous condition. *See Moseley v. All Things Possible, Inc.*, 395 S.C. 492, 495, 719 S.E.2d 656, 658 (2011) ("In an action at law, on appeal of a case tried without a jury, the findings of fact will not be disturbed if there is any evidence which

reasonably supports the judge's findings. The judge's findings in such an instance are equivalent to a jury's findings in a law action.").

2. SCDOT claims no evidence was presented indicating Perkins' fall was foreseeable, arguing there is:

> no reasonable expectation for motorists to stop their vehicles in the center median of an interstate highway which was not designed for such . . . [t]hus, there is no . . . foreseeability *within the contemplation of the law* that pedestrians would be traversing the area where the catch basin is located.

(emphasis in original). SCDOT further asserts the trial court erred in accepting "Perkins' self-serving and unsupported testimony that her vehicle was unable to be moved to the right shoulder of the highway because she *simultaneously* blew a tire and experienced an engine failure . . . ." (emphasis in original). SCDOT argues because Perkins did not present evidence from an automotive expert proving her car would not start after blowing its tire, "the sole reasonable inference" drawn from the evidence presented at trial is that by stopping her car alongside the center median barrier, getting out, and walking in an area not designed for pedestrian traffic, Perkins was negligent *per se* in violating section 56-5-2530(A)(1)(i) of the South Carolina Code (2018). SCDOT asserts Perkins' own negligence in contributing to her injuries exceeded fifty percent and therefore barred her recovery. In the alternative, SCDOT asserts Perkins was at least negligent to some degree, and the trial court erred in finding she was free from fault.

We affirm the trial court's finding that Perkins was not negligent *per se* for leaving her car in the left-lane of I-85 and exiting it in order to maintain her personal safety. First, while § 56-5-2530(A)(1)(i) provides it is illegal for a person to stand or park their vehicle on a highway, the South Carolina Code also provides that § 56-5-2530 does not apply "to the driver of a vehicle which is disabled making it impossible to avoid stopping and temporarily leaving the vehicle in the roadway." S.C. Code Ann § 56-5-2510(B) (2018). Accordingly, if Perkins car was not able to be moved because it stalled and would not restart, she would not be negligent *per se* for violating traffic laws in South Carolina. *See id*. Further, whether Perkins was temporarily prevented from moving her car because it became disabled was a question for the factfinder. *See Dorsey v. Brockington*, 277 S.C. 438, 441, 289 S.E.2d 161, 162 (1982) ("Whether one has removed his car from the road as far as practical, or whether one is temporarily prevented from removing his car because of

disability to the vehicle, are ordinarily questions for the jury where there is conflicting testimony."). Perkins testified her car stalled and would not restart. While arguably her testimony regarding *the reason* her car stalled was speculative (based upon a guess that the fuel supply cut off when her tire blew), her testimony that the car would not restart was not hypothetical and was enough to meet her burden of proof at trial. *Cf. Wright v. Craft*, 372 S.C. 1, 22, 640 S.E.2d 486, 498 (Ct. App. 2006) (explaining a party does not meet its burden of proof if the evidence presented is only speculative, theoretical, or hypothetical). The trial court found Perkins' testimony credible. Accordingly, there is evidence to support the trial court's finding Perkins was not negligent *per se* for leaving her car in the left-lane and exiting it in order to maintain her personal safety. *See* § 56-5-2510(B) (stating driver who cannot start vehicle because it has become disabled is not violating the law by stopping it on the highway); *Pope v. Gordon*, 369 S.C. 469, 474, 633 S.E.2d 148, 151 (2006) (stating in an action at law tried without a jury, the trial judge's findings of fact will not be disturbed on appeal unless the findings are "wholly unsupported by the evidence or controlled by an erroneous conception of the application of the law"); *Gray v. Barnes*, 244 S.C. 454, 460, 137 S.E.2d 594, 597 (1964) ("[T]he burden of proving the necessity for stopping a vehicle on the main[-]traveled portion of the highway . . . is on the person who makes such stop."); *Pike v. S.C. Dep't of Transp.*, 343 S.C. 224, 231, 540 S.E.2d 87, 91 (2000) (stating the party who has the burden of pleading a fact has the burdens of producing evidence and of persuading the factfinder of its existence); *Foxfire Vill., Inc. v. Black & Veatch, Inc.*, 304 S.C. 366, 373, 376, 404 S.E.2d 912, 916, 918 (Ct. App. 1991) (finding despite conflicting evidence presented at trial as to which party's actions caused the damages, there was evidence to support the Master's verdict in the action of law, and therefore, the verdict must be affirmed on appeal).

We also find the record supports the trial court finding Perkins' injury was foreseeable, and we find the trial court's conception of foreseeability was not erroneous. First, foreseeability "is determined by looking to the natural and probable consequences of the defendant's act or omission." *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 392, 701 S.E.2d 776, 781 (Ct. App. 2010) (quoting *Baggerly v. CSX Transp., Inc.*, 370 S.C. 362, 369, 635 S.E.2d 97, 101 (2006)). SCDOT argues because the left-lane median of the highway is not designed for pedestrian or vehicle refuge, there is no legal foreseeability that a pedestrian would fall in a hole caused by a defective drainage catch basin. We disagree. A hole in the ground wide enough for a woman's foot to fall straight through is a dangerous condition. We agree with Perkins that anyone—a State Trooper or other emergency responder, a driver in distress, or even an SCDOT employee—may end up walking along the unlighted median at night for any number of legitimate reasons and is therefore naturally and

probably at risk of falling into a hole in the ground. Further, we believe the foreseeability of this type of danger (a hole in the ground) is distinguishable from other dangers found not to be legally foreseeable. *See, e.g.*, *Young v. Tide Craft, Inc.*, 270 S.C. 453, 464, 242 S.E.2d 671, 676 (1978) (finding boat manufacturer was not liable for boat's owner's death because it was not foreseeable that a boat mechanic would splice the steering mechanism of the boat); *Nelson*, 390 S.C. at 394, 701 S.E.2d at 782 (finding it was not foreseeable that a vehicle would suddenly accelerate and jump a concrete wheel stop; therefore, Piggly Wiggly did not owe a duty to protect the pedestrian walking in front of the store from being injured by the badly operated car).

Finally, while both of SCDOT's engineers testified it would be highly risky for a pedestrian to walk along I-85's center median because the left shoulder was designed for drainage and not refuge, they also conceded it would not be unforeseeable for a pedestrian to walk in this area in an emergency. This evidence supports the trial court's finding that Perkins' injury was proximately caused by the basin's overflow gap, the injury was foreseeable, and Perkins' own actions in leaving her disabled vehicle to reach safety by foot were not outside the scope of a reasonable person's actions under similar circumstances. *See Moseley*, 395 S.C. at 495, 719 S.E.2d at 658 ("In an action at law, on appeal of a case tried without a jury, the findings of fact will not be disturbed if there is any evidence which reasonably supports the judge's findings.").

3. Finally, SCDOT asserts the trial court's order denying its JNOV motion was not specific enough to meet the muster of Rule 52, SCRCP. We disagree. Under Rule 52(a), SCRCP, it is not necessary for the trial court to issue an order giving specific factual findings and separate conclusions of law in ruling on SCDOT's JNOV motion. *See* Rule 52(a), SCRCP ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."). Accordingly, SCDOT's argument that the trial court's order denying its JNOV motion is not compliant with Rule 52(a), SCRCP, is without merit.

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concurring.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.